UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY S. FRISBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-697-G |
| | ) | |
| SAMCO ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Now before the Court is Plaintiff's Motion to Strike (Doc. No. 11) certain defenses asserted by Defendant in its Answer (Doc. No. 7). Defendant has filed a Response (Doc. No. 18).[1]

*I.  Background*

In his Complaint, Plaintiff alleges that Defendant, his former employer, improperly discriminated against Plaintiff on the basis of age in violation of the Age Discrimination in Employment Act and the Oklahoma Anti-Discrimination Act. *See* Compl. at 1-2. In its Answer, Defendant raised 18 "affirmative and other defenses," *see* Answer at 3-4. Plaintiff's Motion seeks to strike four of these as legally insufficient and having the potential "to unnecessarily confuse, complicate and prolong the case." Pl.'s Mot. at 1.

---

[1] After his deadline had expired, and without seeking leave of the Court, Plaintiff filed an untimely reply (Doc. No. 19). *See* LCvR 7.1(i). The Court has disregarded this unauthorized filing in ruling on the Motion.

II.　*Standard of Decision*

Rule 8 of the Federal Rules of Civil Procedure prescribes that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), and must "affirmatively state any avoidance or affirmative defense," *id.* R. 8(c)(1). Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading" "an insufficient defense or any redundane, immaterial, impertinent, or scandalous matter." *Id.* R. 12(f). Rule 12(f) relief, however, is generally a "drastic remedy" and "must not be granted unless, as a matter of law, the defense cannot succeed under any circumstances." *Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *2 (W.D. Okla. Feb. 5, 2018) (internal quotation marks omitted).[2] "A defense should not be stricken if there is any real doubt about its validity, and the benefit of any doubt should be given to the pleader." *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) (alteration and internal quotation marks omitted).

> "[A] more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009). Accordingly, unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause come sort of significant

---

[2] Recognizing the diverging views in the federal district courts, and the lack of controlling Tenth Circuit authority, Plaintiff suggests that the standards applied in *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), should be applied to its Motion. The undersigned here follows the approach of previous decisions from this Court, which "have consistently concluded" that these pleading standards "do[] not apply with the same force to affirmative defenses." *Knighten*, 2018 WL 718533, at *2 n.1 (internal quotation marks omitted) (citing cases); *see also Wilkins v. Greens Serv. Co., LLC*, No. CIV-19-402-G, 2019 WL 4126075, at *1-2 (W.D. Okla. Aug. 29, 2019).

> prejudice to one or more of the parties to the action a motion to strike should be denied.

*Nootbaar v. Alderwoods (Okla.), Inc.*, No. CIV-19-110-D, 2019 WL 3558182, at *2 (W.D. Okla. Aug. 5, 2019) (alteration in original) (internal quotation marks omitted).

III. Discussion

    A. *Ratification, Waiver, Estoppel, and Laches*

In its Answer, Defendant alleges: "Samco asserts the defense of ratification, waiver, estoppel and laches." Answer at 3 (No. 7). Plaintiff objects that this "shotgun listing" is insufficient to provide fair notice of its applicability to Plaintiff's claims. Pl.'s Mot. at 4. Defendant objects that these defenses are sufficiently pled "to refute Plaintiff's allegation he was fired because of his age and because he claims he opposed age discrimination." Def.'s Resp. at 4.

The Court finds that the listing of these terms, without any accompanying explanation, leaves the "applicability thereof to the claims . . . unclear." *Nootbaar*, 2019 WL 3558182, at *3. Defendant shall be permitted to reassert any of these defenses "in a more detailed manner" within the time allowed for amendment of pleadings to be set at the forthcoming status and scheduling conference, however. *Id.*

    B. *Failure to Use Internal Complaint Procedures*

Defendant alleges: "Plaintiff's claims are barred, in whole or in part, as Samco had installed readily accessible employment policies, with supervisory bypass, for reporting and resolving complaints." Answer at 3 (No. 8). Plaintiff argues that this defense should be stricken because neither an employer's antidiscrimination policy nor an employee's

3

failure to use an employer's grievance procedure constitutes a defense to a claim of discrimination. *See* Pl.'s Mot. at 5 (citing cases). Defendant responds that the Tenth Circuit actually has applied such a defense in the age-discrimination context and that it is sufficiently pled here. *See* Def.'s Resp. at 5 (citing *Stapp v. Curry Cty. Bd. of Cty. Comm'rs*, 672 F. App'x 841 (10th Cir. 2016)).

The Court finds that, given the parties' competing authorities creating "real doubt" as to its validity, striking this defense would be inappropriate at this stage. *Sender*, 423 F. Supp. 2d at 1163. Further, the defense "contain[s] sufficient detail to indicate the relationship of the defense to the claims asserted and to avoid undue prejudice" to Plaintiff. *Holt v. Roy Blackwell Enters., Inc.*, No. CIV-15-326-D, 2016 WL 319894, at *3 (W.D. Okla. Jan. 26, 2016).

### C. Comparative Negligence

Defendant has withdrawn this defense. *See* Def.'s Resp. at 6; Answer at 4 (No. 12).

### D. Reservation of Right to Amend

Defendant's answer "reserves the right to amend" "to add additional affirmative defenses as they become known and in accordance with this Court's Scheduling Order(s)." Answer at 5 (No. 18). Plaintiff objects that this reservation of a "right" is legally ineffective. Defendant responds that the assertion puts Plaintiff on notice that Defendant may seek leave to amend. "Because [Defendant does] not expressly seek to contravene Rule 15 requirements, the Court interprets [Defendant's] statement[] as merely [a] reservation[] of the right to seek leave to amend under Rule 15 (though such reservation has no practical effect)." *Wilkins*, 2019 WL 4126075, at *2.

CONCLUSION

As outlined above, Plaintiff's Motion (Doc. NO. 11) is GRANTED IN PART and DENIED IN PART. Defense Number 7 is STRICKEN, and Defense Number 12 is WITHDRAWN. Plaintiff's Motion is denied as to all other defenses.

IT IS SO ORDERED this 15th day of October, 2019.

*[signature]*

CHARLES B. GOODWIN
United States District Judge